UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-cv-00128-TBR

GERRY L. BISHOP,                                                                              PLAINTIFF

v.

DAVID A. ANDERSON, et al.,                                                              DEFENDANTS

**Memorandum Opinion & Order**

This matter comes before the Court upon two motions. First, Defendant R&L Transfer Inc., ("R&L Transfer"), has filed a motion for summary judgment. [DN 35.] Second, Plaintiff Gerry Bishop, ("Bishop"), has filed a motion to amend his complaint. [DN 39.] These matters are ripe for adjudication and, for the reasons that follow, **IT IS HEREBY ORDERED** that Bishop's motion, [DN 39], is **GRANTED** and R&L Transfer's motion, [DN 35], is **DENIED** with leave to refile.

**A. Background**

This matter arises out of an auto accident, which occurred on January 26, 2015. [DN 1-1, at 2.] The collision happened when a tractor-trailer, or semi-truck, operated by Defendant David Anderson, ("Anderson"), hit Bishop's car in Oak Grove, Kentucky. [DN 35, at 2.] Bishop claims that Anderson's negligent driving caused the accident. [*Id.*] Accordingly, Bishop sued both Anderson and R&L Transfer, the company which Bishop claims owns the semi-truck that Anderson was driving. [DN 1-1, at 2.] According to the Affidavit of Gerald Krisa, ("Krisa"), the Vice President of Greenwood Motor Lines, Inc., R&L Transfer leased the semi-truck at issue to Greenwood Motor Lines pursuant to a written lease. [DN 35-2, at 1.] Additionally, Krisa avers

that Anderson was driving the semi-truck as an employee of R&L Carrier Shared Services, LLC at the time of the collision and not R&L Transfer. [*Id.* at 2.]

Bishop's lawsuit, initially filed in state court before being removed to this Court on August 8, 2016, lists only Anderson and R&L Transfer as Defendants. R&L Transfer has now moved for summary judgment. By way of response, Bishop has moved to amend his complaint to add both R&L Carrier Shared Services and Greenwood Motor Lines to this case as Defendants.

### B. Bishop's Motion to Amend his Complaint

Although filed as part of his response and, therefore, after R&L Transfer's motion for summary judgment, the Court finds it necessary to reach the issue of the propriety of Bishop's motion to amend complaint first.

### 1. Legal Standard

Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While the Federal Rules encourage a liberal construction of Rule 15, it may be appropriate to deny leave to amend a complaint "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003). "Delay alone will ordinarily not justify the

denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

### 2. Discussion

Here, although Bishop does not actually attach a proposed amended complaint, his memorandum makes it clear that his intent is to add two new parties to this case: R&L Carriers Shared Services and Greenwood Motor Lines. [DN 39, at 3.] In support of his request for relief, Bishop points out that R&L Transfer is a subsidiary of R&L Carrier Shared Services, and that Greenwood Motor Lines is a related entity as well, and so both companies were on notice of the lawsuit and would not be prejudiced by being added to the case. [DN 39, at 3.] Bishop also argues that allowing him to amend his complaint "in no way should delay the scheduled trial date in this matter. Further, there has been no bad faith or dilatory motive on behalf of [Bishop]." [*Id.*] R&L Transfer argues in its reply that Bishop's motion comes before the Court in an entirely untimely manner, that Bishop lacks good cause for moving at this time to amend his complaint, and that prejudice would result to R&L Transfer should this Court permit such an amendment. Although the Court agrees with R&L Transfer that the timing of Bishop's motion is late, the Court will grant Bishop's motion, as no prejudice will result from doing so.

"Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). Although succinct, Bishop's response/motion to amend passes the

threshold for showing good cause; the two entities he seeks to have added to the case are apparently related entities to R&L Transfer, and were directly involved in the underlying incident. To be sure, R&L Transfer is correct in noting that the allotted time for filing amended pleadings has long passed in this case. However, the Court is guided by two things: first, the consequence of denying Bishop leave to file an amended complaint in this instance could have dramatic effects on this case and his ability to seek a remedy for his alleged damages; second, even though his delay was a long one, the Court finds that no prejudice would result to R&L Transfer by allowing Bishop to amend at this time.

As explained above, "[o]rdinarily, delay alone, does not justify denial of leave to amend." *McWhorter*, 290 F.3d at 800 (citations omitted). Thus, [d]elay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading." *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982). R&L Transfer argues that the potential for a new scheduling order would constitute prejudice to it, as the proceedings would likely be delayed and a new trial date would be needed. [DN 40, at 5-6.] Even if true, the Court cannot say that Bishop's delay was in any way a method by which he intended to harass R&L Transfer, nor can the Court say that the shuffling of case scheduling dates would necessarily result in prejudice to R&L Transfer, and the impact of this Court denying Bishop leave to amend could have large consequences on this case. Thus, in the interests of justice, and for good cause shown, the Court finds it appropriate to allow Bishop to amend his complaint.

### 3. Conclusion

As the Court finds good cause to allow Bishop to amend his complaint, and further finds that no prejudice will result to R&L Transfer, the Court will permit Bishop to file an amended complaint. He must do so within **fourteen days** from the date of entry of this order.

## C. R&L Transfer's Motion for Summary Judgment

The next motion presented for the Court's consideration is R&L Transfer's motion for summary judgment. [DN 35.] In light of this Court granting Bishop leave to amend his complaint, the Court will deny R&L Transfer's motion with leave to refile it once Bishop has filed his amended complaint.

## D. Conclusion

For the reasons stated in this Memorandum Opinion, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Bishop's motion to amend complaint, [DN 39], is **GRANTED**. Bishop shall file his amended complaint with the Court no later than **fourteen days** from the date of entry of this Order.

2. R&L Transfer's motion for summary judgment, [DN 35], is **DENIED with leave to refile**.

3. This matter is hereby set for a telephonic status conference on **September 7, 2018 at 10:00 a.m. Central Standard Time.**

**IT IS SO ORDERED**.

cc: Counsel of Record