**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH**
**CIVIL ACTION NO. 5:16-CV-128-TBR**

GERRY L. BISHOP                                                                      Plaintiff


v.

DAVID A. ANDERSON,
R&L TRANSFER, INC.,
R&L CARRIER SHARED SERVICES, LLC, and
GREENWOOD MOTOR LINES, INC.                                          Defendants


**OPINION AND ORDER**

This matter is before the Court upon multiple motions in limine filed by the Defendants

David Anderson, R&L Transfer, Inc., R&L Carrier Shared Services, LLC, and Greenwood Motor

Lines, Inc. (R. 51-55). Plaintiff has responded. (R. 65). This matter is now ripe for adjudication.

For the following reasons, Defendants' Motion in Limine to Limit the Description of the Subject

Accident (R. 51) is DENIED IN PART and GRANTED IN PART, and the rest of Defendants'

motions in limine are GRANTED.

**Background**

A semi-truck collided with Gerry Bishop's vehicle in Oak Grove Kentucky in January of

2015 causing him various injuries. (R. 1). Bishop brought a negligence suite against the truck's

driver, David Anderson, along with R&L Transfer (the company that owns the truck), Greenwood

Motor Lines (the company that leases the truck from R&L Transfer), and R&L Carrier Shared

Services (the Company that employed Anderson during the accident). (R. 1; R. 42). All three

companies are related business entities. The Defendants do not dispute liability, leaving damages

1

as the sole issue for trial. (R. 47). The Defendants filed five motions in limine. (R. 51-55). Bishop opposes three of them. (R. 65).

**Legal Standard**

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

**Discussion**

Defendants filed five motions in limine (R.51-55), but Bishop only opposes three: Defendants' Motions in Limine to Limit the Description of the Subject Accident (R. 51), Defendants' Motion in Limine as to Various Issues and Evidence (R. 54), and Defendants' Motion in Limine to Exclude Improper References to Defendants' Trial Counsel or the Cost of

Defendants' Defense. The Court will grant the unopposed motions and address each opposed motion respectively (R.52).

I.    **Defendants' Motion in Limine to Limit the Description of the Subject Accident**

With their Motion in Limine to Limit the Description of the Subject Accident the Defendants move the Court for an order prohibiting any potential testimony regarding the accident, including how fast the semi-truck was going and whether it slowed down prior to impact. (R. 51). Defendants also seek to prohibit any testimony as to why the semi-truck was unable to stop or slow prior to impact. (R.51). Defendants argue these details are irrelevant because they conceded liability. (R.51). They also point out that no accident reconstructionist has been hired and Bishop has no scientific evidence to establish the semi-truck's speed or whether it braked prior to impact. (R.51).

Bishop responds simply that he, and his eyewitness to the collision, should be permitted to describe the accident as they observed it, including perceived speed and whether the vehicles were braking prior to collision. (R. 65). The Court agrees.

Any potential testimony by Bishop or his eyewitness concerning details of the accident, including how fast the semi-truck was going or whether it braked, constitutes lay witness opinion testimony governed by Rule 701. That Rule provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> **(a)** rationally based on the witness's perception;
>
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. As best the Court can discern,[1] the Defendants seem to imply that any testimony regarding the details of the accident—particularly the speed of semi-truck and whether it was slowing down—would require the specialized knowledge of an accident reconstructionist, thereby running afoul of Rule 701(c). But as long as Bishop and his eyewitness perceived the collision—however brief that perception might have been—they may testify as to its details, including the semi-truck's speed and whether the semi-truck's speed was slowing. *See, United States v. Jackson*, 688 F.2d 1121, 1125 (7th Cir. 1982) (holding eyewitness testimony regarding speed admissible under Rule 701, and determining the length of perception to go towards weight and not admissibility); *Accord*, *Ford v. Southwestern Greyhound Lines, Inc.*, 180 F.2d 934, 936 (5th Cir. 1950) (holding the same). Such testimony requires no accident reconstructionist and no scientific evidence, or specialized knowledge. R*obinson v. Louisville R. Co.*, 112 F. 484, 487 (6th Cir. 1901) (holding that no "technical knowledge was required" for an opinion on vehicle speed). In fact, such testimony is exactly the type intended to be admitted under Rule 701. *See, e. g., United States v. Sowards*, 690 F.3d 583, 604 n.6 (4th Cir. 2012) (compiling examples in which courts have permitted lay witness testimony regarding vehicle speed under Rule 701); *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F3.d 1190, 1197 (3rd Cir. 1995) ("Other examples of this type of quintessential Rule 701 testimony include. . . the speed of a vehicle."). Thus, the Defendants request to prohibit testimony regarding accident details based on a lack of scientific evidence or qualification is without merit.

Furthermore, contrary to the Defendants argument, the details of the accident, including how fast the semi-truck was going and whether it slowed prior to impact, are relevant.

---

[1] The Court notes the ambiguity of the Defendants' motion. In it the Defendants ask the Court to exclude a broad category of potential testimony without providing the Court any support or citation to the Federal Rules of Evidence. In fact, the Court notes the complete lack of citation in both the Defendants' motion and the Plaintiff's response. Accordingly, the Court filled in the gaps as best it could.

Defendants argue those details are irrelevant because only damages are contested at trial. But the semi-truck's speed and whether it braked or slowed prior to colliding with Bishop's vehicle correlate to the severity of Bishop's injuries, making these details directly relevant to damages. *See Albrecht v. Dorsett*, 131 N.C. App. 502, 508 S.E.2d 319, (1998) (holding a vehicle's speed relevant to injuries sustained in car accident); *Berndston v. Annino*, 177 Conn. 41, 43, 411 A.2d 36 (1979) ("Speed is relevant to the severity of impact and, inferentially, to the injury sustained."); *Hall v. Burkert*, 117 Ohio App. 527, 528, 193 N.E.2d 167 (1962) (holding that despite liability being admitted, the vehicle's speed was relevant to the severity of the plaintiff's injuries and, therefore, damages). However, the Court agrees with the Defendants that any potential testimony outside the witness perception regarding *why* the semi-truck did not stop prior to impact is irrelevant. Such testimony is closer to speculation than to permissible Rule 701 testimony. Therefore, to the extent the potential testimony is rationally based on witness perception, the Court denies Defendants' request to prohibit testimony on the accident's details—including the semi-truck's speed and whether it braked prior to impact—but grants Defendants' request to prohibit testimony regarding why the semi-truck failed to stop prior to impact.

## II.     Defendants' Motion in Limine as to Various Issues and Evidence

Bishop only objects to Part 4 of Defendants' Motion in Limine as to Various Issues and Evidence. (R. 65). Part 4 seeks to exclude any testimony or evidence by Bishop or his witnesses regarding Bishop's medical condition, and the cause thereof, as beyond Rule 701's scope. (R. 54). Bishop responds by stating "that a lay witness should be allowed to testify concerning the observations they have made of the plaintiff and whether the symptoms existed prior to the accident." (R. 65).

Defendants are correct. Medical conclusions and causation are beyond the scope of admissible lay witness testimony. *Shinnick v. Ram Kabir, LLC*, 2016 U.S. Dist. LEXIS 162326, *5-6, 2016 WL 6909827 (W.D. Ky. Nov. 23, 2016) (citing *United States v. Holden*, 625 F. App'x 316, 318 (9th Cir. 2014); *United States v. El-Mezain*, 664 F.3d 467, 511 (5th Cir. 2011)). But witnesses are certainly free to testify as to their own perceptions. *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010). This includes a person's observed conduct, condition, and symptoms. *Id.* at 241 ("The prototypical example of the type of evidence contemplated by the adoption of Rule 701 relates to the appearance of persons or things, identity, *the manner of conduct*. . .") (emphasis added); *Shinnick*, LEXIS 162326 at *7 (holding that witnesses are free to testify regarding a person's observed condition and ability to manage affairs); *Mahaney v. Novartis Pharm. Corp.*, 835 F.Supp.2d 299, 305 (W.D. Ky. 2011) (holding that witnesses may testify as to symptoms but not causes); *Kovacic v. Potstingle*, 2014 U.S. Dist. LEXIS 133600, 2014 WL 4715859, *5-6 (N.D. Ohio Sep. 22, 2014) (holding that the plaintiff may testify to their symptoms and when they began but not their cause). Accordingly, the Court grants the Defendants request to exclude potential testimony by Bishop and his lay witnesses regarding any medical conclusions and causation. In so doing, the Court notes that Bishop and his witnesses are free to testify as to Bishops symptoms, condition, and conduct to the extent they personally observed them.

### III.    Defendants' Motion in Limine to Exclude Improper References to Defendants' Trial Counsel or the Cost of Defendants' Defense

Defendants seek to "exclude improper references to Defendants' trial counsel or the costs of Defendants' defense" based on relevance and issues of prejudice pursuant Rule 403. (R.52). "Broad discretion is given to district courts in determinations of admissibility based on considerations of relevance and prejudice." *United States v. Warshak*, 631 F.3d 266, 330 (6th

Cir. 2010) (quoting Unites States v. Jackson-Randolph, 282 F.3d 369, 376 (6th Cir. 2002) (citing

*United States v. Hawkins*, 969 F.2d 169, 174 (6th Cir. 1992))). Here, the Court can determine no

way in which references to Defendants' trial counsel or Defendants' defense costs might offer

any probative value at trial. However, the Court notes Bishop's objection regarding the necessity

to inquire during voir dire about whether a potential jury member has been represented by

opposing counsel. Therefore, the Court Grants Defendants' motion to the extent it does not

interfere with effective voir dire.

### Conclusion

For the reasons stated herein, Defendants' Motion in Limine to Limit the Description of

the Subject Accident (R. 51) is hereby **DENIED IN PART** and **GRANTED IN PART**, and

Defendants' remaining Motions in Limine (R. 52-55) are hereby **GRANTED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 18, 2018

cc: Counsel